## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | | |
|---|---|---|
| **LAWRENCE BECKOM,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **14-cv-03227** |
| | ) | |
| **ILLINOIS DEPARTMENT OF TRANSPORTATION, by Erica Borggren in her official capacity only, MICHAEL BLAIN, in his individual capacity, DEAN KORSMEYER, in his individual capacity, and MARILYN VIEHWEG, in her individual capacity,** | ) ) ) ) ) ) ) ) ) ) | |
| | ) | |
| **Defendants.** | ) | |

### OPINION

**SUE E. MYERSCOUGH, U.S. District Judge:**

Plaintiff Lawrence Beckom has filed a four-count lawsuit alleging race discrimination and First Amendment retaliation during his employment with the Illinois Department of Transportation ("IDOT," or "the Department").  In his Amended Complaint, (d/e 17), Beckom seeks to hold accountable Department supervisory employees Michael Blain, Dean Korsmeyer, and Marilyn Viehweg as defendants in their individual capacities for decisions they made

concerning Beckom's work assignments, discipline, and eventual termination from employment with the Department.  Beckom also names Secretary of the Illinois Department of Transportation Erica Borggren as a defendant in her official capacity only, thereby implicating the Department itself.

Count 1 of the Amended Complaint seeks redress from the Department for alleged race discrimination, in violation of Title VII, 42 U.S.C. § 2000e et seq., in the decisions to suspend and then later to terminate Beckom.  Count 2 likewise names the Department and alleges retaliatory termination, also in violation of Title VII. Count 3 alleges race discrimination by Blain, Korsmeyer, and Viehweg (collectively, "the individual defendants") in the decisions to suspend and then later to terminate Beckom, and seeks redress under 42 U.S.C. § 1981.  Count 4 alleges First Amendment retaliation by Korsmeyer and Viehweg for Beckom's termination, seeking redress under 42 U.S.C. § 1983.

The Department has filed a Partial Motion to Dismiss (d/e 23) under Federal Rule of Civil Procedure 12(b)(6), seeking to dismiss the portion of Count 1 alleging that Beckom was terminated because of his race on the grounds that Beckom did not exhaust

available administrative remedies.  Individual defendants Blain,
Korsmeyer, and Viehweg have filed their own Motion to Dismiss
(d/e 29) under Rule 12(b)(6), seeking to dismiss Count 3 as to all
defendants and Count 4 as to only Korsmeyer.  These Motions have
been fully briefed and are now properly before the Court for
disposition.

For the reasons that follow, the Motions to Dismiss are
granted.

## I.    <u>**BACKGROUND**</u>

The following facts are taken from Beckom's Amended
Complaint.  On November 19, 2012, Beckom began work as a
seasonal temporary highway maintainer out of IDOT's District 6
yard in Litchfield, Illinois.  (Am. Compl., d/e 17, ¶ 10.)  Beckom
believes he was at that time the first and only African-American
highway maintainer to work out of the District 6 yard.  (<u>Id.</u> ¶ 11.)
While employed as a highway maintainer, Beckom felt that he was
shunned by his white coworkers and that this ostracism was known
and condoned by his supervisors, including Blain and Korsmeyer.
(<u>Id.</u> ¶ 12.)  By way of example, Blain changed Beckom's work

assignments from time to time following complaints from white coworkers who did not want to work with Beckom.  (Id. ¶¶ 13–14.)

On December 17, 2012, Beckom was on a worksite flagging traffic when the rest of the work crew "abandoned" him until later in the day.  (Id. ¶ 15, 17.)  At some point after the work crew returned, Beckom's assigned IDOT work truck rolled forward and hit another IDOT truck, causing a new, minor dent to the already "dinged, dented, and banged up" truck.  (Id. ¶ 18.)  Other members of the work crew reported the accident to the District 6 work yard. (Id. ¶ 19.)  Beckom was later informed that he would be disciplined for the accident with a three-day, unpaid suspension to be served January 7–9, 2013, with a return to work on January 11.  (Id. ¶ 21.)

Beckom believed that no prior accidents that were caused by other, white employees and that resulted in damage to a work truck had been reported or had led to worker discipline.  (Id. ¶¶ 20, 24.) So, on December 20, 2012, Beckom attempted to speak with Korsmeyer, a supervisory employee at IDOT, about the suspension. (Id. ¶ 24.)  Korsmeyer refused to speak with Beckom in a meaningful way about the accident or the discipline, but only stated

that the suspension would stand. (Id. ¶ 26.)  Beckom reports having noted "the strong odor of alcohol about" Korsmeyer when they spoke. (Id. ¶ 25.)

On December 27, Beckom received an official notice of discipline, which explained that Beckom's suspension was a consequence of the December 17 accident.  (Id. ¶ 22–23.)  Officially, the reason for the suspension was that Beckom's actions had "endanger[ed] the motoring public."  (Id. ¶ 23.)  Beckom then began to seek formal redress:  On December 31, Beckom filed an incident report and complaint with Viehweg, alleging that Korsmeyer had refused to speak with him about the accident and suspension and that Korsmeyer was apparently consuming alcohol on the job. (Id. ¶ 27.)  On January 2, 2013, Beckom filed a grievance concerning his suspension with the Illinois Department of Central Management Services.  (Id. ¶ 28.)  On January 11, Beckom filed a charge of discrimination with the Illinois Department of Human Rights, and he perfected that charge on January 19.  (Id. ¶ 31.)

While pursuing formal redress, Beckom was injured on the job by a falling tree limb on January 4, 2013.  (Id. ¶ 29.)  He was placed on medical leave that day due to his injuries.  (Id. ¶ 30.)

On January 23, Beckom's grievance with the Department of Central Management Services was denied.  (Id. ¶ 32.)  On January 24, IDOT was officially served with Beckom's January 11 Department of Human Rights discrimination charge.  (Id. ¶ 33.) The same day, Viehweg terminated Beckom from IDOT employment. (Id. ¶ 34.)  Officially, the reasons for Beckom's termination were an allegation of multiple violations of policy and procedural practices; poor performance, including the truck accident leading to suspension; and the allegedly false accusation that Korsmeyer was consuming alcohol on the job.  (Id.)  Beckom subsequently filed another charge with the Department of Human Rights, alleging discrimination and retaliation.  (Id. ¶ 35.)

On July 29, 2014, Beckom filed the present lawsuit and a substantially similar lawsuit in Case No. 14-cv-03228.  Pro bono counsel was recruited to represent Beckom on December 9, 2014, and the two cases were consolidated on January 13, 2015.  The Amended Complaint was filed in the present lawsuit on January 14, alleging theories of race discrimination under Title VII and 42 U.S.C. § 1981 and retaliation under Title VII and 42 U.S.C. § 1983. IDOT filed its Partial Motion to Dismiss on March 4, and individual

defendants Blain, Korsmeyer, and Viehweg filed their Motion to Dismiss on March 27.

## II.     JURISDICTION AND VENUE

This Court has subject-matter jurisdiction over all of Beckom's claims, each arising under a statute of the United States Code.  28 U.S.C. § 1331.  Venue is proper in this Court because the events or omissions giving rise to the claims at issue took place in this judicial district.  28 U.S.C. § 1391.

## III.     LEGAL STANDARD

A motion under Rule 12(b)(6) challenges the sufficiency of the complaint.  Christensen v. Cnty. of Boone, 483 F.3d 454, 458 (7th Cir. 2007).  To state a claim for relief, a plaintiff's complaint need only provide a short and plain statement of the claim showing that the pleader is entitled to relief and giving the defendant fair notice of the claims.  Tamayo v. Blagojevich, 526 F.3d 1074, 1081 (7th Cir. 2008).  When considering a motion to dismiss under Rule 12(b)(6), the court construes the complaint in the light most favorable to the plaintiff, accepting all well-pleaded allegations as true and construing all reasonable inferences in the plaintiff's favor.  Id.  The complaint must set forth facts that plausibly demonstrate a claim

for relief.  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 547 (2007).

Plausibility means alleging factual content that allows a court to

reasonably infer that the defendant is liable for the misconduct

alleged.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Merely

reciting the elements of a cause of action or supporting claims with

conclusory statements is insufficient.  Id.

## IV.    ANALYSIS

In its Partial Motion to Dismiss (d/e 23), IDOT moves to

dismiss the portion of Beckom's Count 1 alleging that he was

terminated due to race discrimination in violation of Title VII.  IDOT

asserts that Beckom did not exhaust available administrative

remedies:  his charge of discrimination filed with the Illinois

Department of Human Rights claimed only retaliation for engaging

in the protected activity of filing a prior complaint of discrimination,

not discriminatory termination.  (See Def. Ill. Dep't Transp. Mem.

Law Supp. Partial Mot. Dismiss, d/e 24, at 1.)  Beckom's allegation

in Count 1, discriminatory termination, is outside the scope of his

Department of Human Rights charge and, therefore, has not been

exhausted.  In his brief Response, Beckom surrenders this portion

of Count 1, conceding that it should be stricken and dismissed.

(See Pl.'s Resp. Partial Mot. Dismiss, d/e 27, at 1.)  Consequently, the Court grants IDOT's Partial Motion to Dismiss (d/e 23), and the analysis of this Opinion focuses exclusively on the Motion to Dismiss (d/e 29) filed by individual defendants Blain, Korsmeyer, and Viehweg.

## A.    Count 3 must be dismissed as to all individual defendants.

The individual defendants, who were supervisory employees at IDOT, assert that Count 3, race discrimination under 42 U.S.C. § 1981, should be dismissed as to Blain and Korsmeyer because Beckom has not alleged facts to show that these defendants were personally involved in the decisions to suspend and to terminate Beckom from employment.  Individual defendants further assert that Count 3 should be dismissed as to Viehweg because Beckom has not alleged facts to show that Viehweg possessed an intent to discriminate against Beckom on the basis of race.

*1. Count 3 must be dismissed as to Blain and Korsmeyer.*

Section 1981 provides:

(a) Statement of equal rights:  All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for

the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

***

(c) Protection against impairment:  The rights protected by this section are protected against impairment by nongovernmental discrimination and impairment under color of State law.

42 U.S.C. § 1981.  Individual liability under § 1981 requires that the individual himself has participated in the alleged discrimination against the plaintiff.  See Musikiwamba v. ESSI, Inc., 760 F.2d 740, 753 (7th Cir. 1985) ("[P]ersonal liability cannot be imposed on a corporate official for the corporation's violation of § 1981 when that official is not alleged to have participated in actual discrimination against the plaintiff[.]"); cf. Titus v. Ill. Dep't Transp., 828 F. Supp. 2d 957, 972 (N.D. Ill. 2011) (in § 1983 race discrimination suit, applying a participation requirement to impose liability on two individual defendants who authored or signed a suspension order but no liability on a third individual defendant about whom no facts showing personal involvement were alleged).  Generally speaking, individual liability under § 1981 is premised on individual fault. See Harrison v. Ill. Dep't Transp., No. 10-cv-4674, 2011 WL

2470626, at *6 (N.D. Ill. June 21, 2011) (citing <u>Jenkins v. Keating</u>,

147 F.3d 577, 583 (7th Cir. 1998)) ("[L]iability under § 1981 and

§ 1983 is premised upon individualized fault.").

In the present case, Beckom has alleged that individual

defendants Blain and Korsmeyer were supervisory employees at

IDOT.  (Am. Compl. ¶¶ 10, 11.)  Beckom has alleged that Blain and

Korsmeyer were, indeed, <u>his</u> supervisors.  (<u>See</u> <u>id.</u> ¶ 12.)  Beckom

has alleged that Blain had the authority to change Beckom's work

assignments and did so on more than one occasion.  (<u>Id.</u> ¶ 14.)

Beckom has alleged—without naming names or indicating the

source of his information—that he was "informed that he would be

disciplined" with a suspension for the truck accident.  (<u>Id.</u> ¶ 21.)

Beckom has alleged that Korsmeyer refused to speak with him in a

meaningful manner about the accident or the disciplinary

suspension and that Korsmeyer only "advised that the suspension

would stand."  (<u>Id.</u> ¶ 26.)  And Beckom has specifically stated that

he was "terminated by Viehweg."  (<u>Id.</u> ¶ 34.)  From these facts,

Beckom would have the Court infer that Blain and Korsmeyer were,

by dint of their supervisory roles and their alleged actions alone,

personally involved in the decisions to suspend and to terminate

Beckom from IDOT employment.  Beckom's factual allegations,
however, fall short of compelling this conclusion.

To wit, in Titus, the plaintiff, like Beckom, was suspended
from his job with IDOT and complained that the suspension had
been racially discriminatory.  828 F. Supp. 2d at 963–64.  The
plaintiff specifically stated that he had been "suspended . . . by" two
individual defendants, id. at 963–64, one of whom had authored
and the other of whom had signed a suspension letter, id. at. 962.
In his complaint, however, the plaintiff also named an IDOT
investigator assigned to examine the merits of the plaintiff's internal
complaint, but who took no part in the suspension decision itself.
Id. at 963.  The district court held that the plaintiff had stated a
claim against the individual defendants who authored or signed the
suspension letter, but that the plaintiff had stated no facts to show
a plausible claim against the investigator for the suspension.  Id. at
972.

Similarly, in the case now before this Court, Beckom has not
pleaded sufficient facts to show the personal involvement of
individual defendants Blain or Korsmeyer in the decisions to
suspend and to terminate him.  Beckom has not stated who

informed him that he was to be suspended, nor who recommended

that he be suspended in the first instance.  Beckom also has not

stated who wrote or signed his official notice of suspension.  (See

Am. Compl. ¶ 22.)  To be sure, Beckom has raised the prospect of

Blain and Korsmeyer's direct or implied personal involvement,

including an undeveloped reference to cat's paw liability, in his

Response to the Motion to Dismiss Individual Defendants (d/e 33).

But Beckom has not told the Court enough facts about his

suspension and termination—the identities of relevant decision-

makers, the facts or recommendations on which they relied, the

breadth of their discretion, the process by which they reached their

decisions, and so forth—to give the Court, or the individual

defendants, fair notice of his claims.[1]  See Tamayo, 526 F.3d at

---

[1] The Court reassures Beckom that his concerns about excessively
"formulaic" pleadings as to individual defendants' personal
involvement after Bell Atlantic Corp. v. Twombly, 550 U.S. 544
(2007), are misplaced.  As discussed, Beckom must allege
individual involvement to state a claim under § 1981.
Musikiwamba, 760 F.2d at 753.  And allegations "on information
and belief" have survived Twombly and its progeny.  Cf. Cincinnati
Life Ins. Co. v. Beyrer, 722 F.3d 939, 948 (7th Cir. 2013) (permitting
pleadings based on "information and belief," though ultimately
finding pleadings factually deficient, under more stringent standard
of Federal Rule of Civil Procedure 9(b)); Yeftich v. Navistar, Inc., 722
F.3d 911, 917 (7th Cir. 2013) (describing as "conclusory"

1081 (noting "fair notice" pleading standard); see also Smith v.
Bray, 681 F.3d 888, 896–99 (7th Cir. 2012) (discussing factual
circumstances resulting in cat's paw liability for employers and
individuals under § 1981, § 1983, and Title VII).  Accordingly, the
Court must dismiss Count 3 as to Blain and Korsmeyer because
their personal involvement in Beckom's suspension and termination
remains uncertain.

 2. *Count 3 must be dismissed as to Viehweg.*

 Viehweg asserts that Count 3 must be dismissed as to her
because Beckom has not sufficiently alleged facts to show that she
possessed an intent to discriminate against Beckom on the basis of
his race when she terminated his employment with IDOT.[2]
Plaintiffs proceeding under § 1981, like those under Title VII of the

---

allegations based on "information and belief" only because the
allegations did not include basic facts about who had filed union
grievances or which union officials had claimed the grievances were
being processed).

[2] Section 1981, like Title VII, also authorizes claims for retaliation
for asserting rights provided under § 1981.  CBOCS West, Inc. v.
Humphries, 553 U.S. 442, 445 (2008).  Though Beckom's Count 3
specifically references only race discrimination as the impermissible
motive for his termination, his allegations in the Amended
Complaint fairly raise the specter of retaliation redressable under
§ 1981.  (See Am. Compl. ¶ 38–39.)  But the analysis of Beckom's
claim is the same whether it sounds in discrimination or retaliation.

Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., may show
actionable discrimination using either the direct method or the
indirect method of proof.  Smith, 681 F.3d 896; see also Humphries
v. CBOCS West, Inc., 474 F.3d 387, 403–04 (7th Cir. 2007), aff'd,
553 U.S. 442 (2008).

Beckom does not indicate whether he seeks to demonstrate
either direct or indirect proof of race discrimination.  The direct
method requires either direct or circumstantial evidence of
intentional race discrimination by the relevant decisionmaker,
without reliance upon inference or presumption.  See Eiland v.
Trinity Hosp., 150 F.3d 747, 751 (7th Cir. 1998).  Beckom has
alleged no facts that directly show Viehweg's intentional race
discrimination.  Rather, he alleges only that he was ostracized by
other, white IDOT employees because of his race and that his
ostracism was condoned by Blain and Korsmeyer; he makes no
allegation concerning Viehweg's knowledge or approval of his
ostracism.  Beckom's nearest approach to an allegation that
Viehweg intentionally discriminated against him comes in his
Response (d/e 33), in which he argues that the "close timing
between [his] complaints . . . and [his] filing of his charge of

discrimination are sufficient at this stage to establish a plausible claim of discriminatory intent." (Pl.'s Resp. Mot. Dismiss Individual Defs., d/e 33, at 2.)  The Court interprets this argument to mean that the close timing between Beckom's complaints and charges and Beckom's <u>termination</u> supports an inference of discriminatory termination.  But such inferential reasoning will not support a claim under § 1981's direct method of proof.  <u>See</u> <u>Eiland</u>, 150 F.3d at 751.

The indirect method, as established by the Supreme Court in <u>McDonnell Douglas Corp. v. Green</u>, 411 U.S. 792 (1973), requires that a plaintiff first successfully state a prima facie case of race discrimination.  <u>See also, e.g.</u>, <u>Coleman v. Donahoe</u>, 667 F.3d 835, 845 (7th Cir. 2012) (applying the <u>McDonnell Douglas</u> framework). Once the plaintiff has successfully stated a prima facie case, the burden of production shifts to the defendant to articulate a nondiscriminatory rationale for the defendant's conduct.  <u>Id.</u>  The burden of persuasion remains with the plaintiff, however, to demonstrate that the defendant's articulated nondiscriminatory rationale is mere pretext for a discriminatory motive.  <u>Id.</u>

The plaintiff's prima facie case of race discrimination requires evidence that (1) he is a member of a protected class, (2) his job performance met his employer's legitimate expectations, (3) he suffered an adverse employment action, and (4) another similarly situated individual who was not in the protected class was treated more favorably than the plaintiff.  Id.  But even assuming that Beckom has stated a prima facie case, individual liability under § 1981 requires that the individual—here, Viehweg—"participated" in the discriminatory or retaliatory employment action.  Cf. Smith, 681 F.3d at 896; Musikiwamba, 760 F.2d at 753.  And while personal liability may lie against either Blain or Korsmeyer under a cat's paw theory of liability, see, e.g., Smith, 681 F.3d at 896–99, Beckom points to no case law to show that Viehweg would be personally liable.  Cat's paw liability is premised on the idea that a biased subordinate who lacks desicionmaking authority uses the formal decisionmaker as his "dupe" in a deliberate scheme to elicit a discriminatory employment action.  Id. at 897 n.3.  Such a situation may result in personal liability for either the biased

subordinate or, in other circumstances, the employer.[3] Id. at 897. But if Viehweg had, in fact, been duped by either Blain or Korsmeyer, she could hardly be said to have harbored a discriminatory intent herself.

Without other factual allegations of Viehweg's discriminatory or retaliatory intent, Beckom has failed to state a claim against Viehweg under either § 1981's direct or indirect method of proof. Accordingly, Count 3 must be dismissed as to Viehweg.

## B.   Count 4 must be dismissed as to Korsmeyer.

As with Count 3, the individual defendants assert that Count 4, First Amendment retaliation redressable under 42 U.S.C. § 1983, should be dismissed as to Korsmeyer because Beckom has not alleged Korsmeyer's personal involvement in a retaliatory termination.  As discussed above in the context of individual liability under § 1981, individual liability under § 1983 likewise requires personal involvement in the violation of a plaintiff's

---

[3] For example, in the context of a private employer, § 1981 can result in corporate liability for the conduct of the employer's agents under the rule of respondeat superior.  But in this case, Beckom has not brought a claim under § 1981 against the employer, IDOT, who cannot be held liable under respondeat superior and is likely immune from § 1981 liability by operation of the Eleventh Amendment.  See Titus, 828 F. Supp. 2d at 967.

constitutional rights under color of law.  Hildebrandt v. Ill. Dep't

Natural Res., 347 F.3d 1014, 1039 (7th Cir. 2003) ("For a defendant

to be liable under § 1983, he or she must have participated directly

in the constitutional violation."); Titus, 828 F. Supp. 2d at 972.

And, as was the case with respect to Beckom's claim under § 1981,

Beckom has alleged only that Korsmeyer was his supervisor, that

Korsmeyer refused to speak meaningfully with Beckom but

confirmed that Beckom's suspension would stand, and that, in fact,

Viehweg had terminated Beckom's employment with IDOT.

To be sure, Beckom's allegations of First Amendment

retaliation implicate Korsmeyer because the protected speech at

issue was Beckom's complaint that Korsmeyer had apparently been

drinking on the job.  (Am. Comp. ¶ 27.)  But this fact alone does not

compel the conclusion that Korsmeyer was personally involved in

Beckom's termination, especially in light of the other factual

allegations that are missing from a plausible claim:  who provided

information or evaluations leading to his termination, who

recommended his termination, whose decision it was to terminate

him, and so forth.  See Smith, 681 F.3d at 896–99 (discussing

factual circumstances resulting in cat's paw liability).  Again,

Beckom has only alleged that he was "terminated by Viehweg."  (Id. ¶ 34.)  Without further factual allegations of Korsmeyer's personal involvement, Beckom has not stated a § 1983 claim against Korsmeyer.  Accordingly, the Court must dismiss Count 4 as to Korsmeyer.

## V.    **CONCLUSION**

For the forgoing reasons, Defendant IDOT's Partial Motion to Dismiss (d/e 23) is GRANTED.  Beckom's Count 1 is DISMISSED IN PART WITH PREJUDICE.  Count 1 survives only with respect to Beckom's allegation that he was disciplined on the job in a manner evincing race discrimination prohibited under Title VII.

The Motion to Dismiss (d/e 29) filed by individual defendants Blain, Korsmeyer, and Viehweg is GRANTED.  Count 3 is DISMISSED WITHOUT PREJUDICE and with leave to replead.  Count 4 is DISMISSED WITHOUT PREJUDICE as to Defendant Korsmeyer only, with leave to replead.  Until Beckom files a proper Second Amended Complaint, Count 4 survives only with respect to Beckom's allegation that Viehweg's decision to terminate his employment with IDOT violated his rights under the First Amendment.

Beckom is DIRECTED to file his Second Amended Complaint, if he chooses to do so, on or before September 21, 2015. If Beckom does not file a Second Amended Complaint by that time, Count 3 will be dismissed with prejudice and Count 4 will be dismissed with prejudice as to individual defendant Korsmeyer.

IT IS SO ORDERED.

ENTER: August 20, 2015

FOR THE COURT:                    s/ Sue E. Myerscough
                          SUE E. MYERSCOUGH
                     UNITED STATES DISTRICT JUDGE