IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS SPRINGFIELD DIVISION

| | |
|---|---|
| LAWRENCE BECKOM, | ) |
| Plaintiff, | ) |
| v. | ) No. 14-3227 |
| ILLINOIS DEPARTMENT OF TRANSPORTATION, et al., | ) |
| Defendants. | ) |

**REPORT AND RECOMMENDATION**

TOM SCHANZLE-HASKINS, U.S. MAGISTRATE JUDGE:

This matter comes before this Court on Defendants' Motion for Sanctions (d/e 39) (Motion). Defendants served the Motion on October 28, 2015. Motion, attached Certificate of Service. More than fourteen days has passed since service of the Motion, and Plaintiff has not responded. This Court therefore presumes that Plaintiff has no opposition to the Motion. Local Rule 7.1(B)(2). For the reasons set forth below, the Court recommends that the Motion should be ALLOWED and the case should be dismissed as a sanction under Federal Rule of Civil Procedure 37(d) for failure to respond to discovery requests.

The Motion asks the Court to sanction Beckom under Rule 37(d) for failure to respond to the Defendants' interrogatories and requests to

produce.  The Motion demonstrates that sanctions are appropriate.  The Defendants have repeatedly attempted to secure responses to their interrogatories and requests to produce documents.  Beckom has consistently failed to respond.  On September 30, 2015, this Court conducted a telephone status conference, in part, to address Beckom's failure to respond.  This Court issued a warning at that time that Beckom's failure to respond by October 21, 2015 to Defendants' outstanding discovery requests could result in dismissal of this case.  <u>Minute Entry entered September 30, 2015</u>.  Beckom has still not responded to the outstanding discovery.  On October 23, 2015, Beckom's appointed counsel asked to withdraw because, among other reasons, Beckom refused to cooperate in the conduct of discovery.  <u>Motion for Leave to Withdraw (d/e 38)</u>, ¶ 3.  The Court subsequently allowed counsel to withdraw.  <u>Text Order entered November 23, 2015.</u>

Based on the foregoing, this Court recommends that Beckom be sanctioned for failure to respond to the Defendants' interrogatories and requests to produce documents.  Fed. R. Civ. P. 37(d).  This Court may impose any sanction set forth in Rule 37(b)(2)(A) and may also award the Defendants' expenses and attorney fees caused by Beckom's failure to respond.  Fed. R. Civ. P. 37(d)(3).

In light of Plaintiff's continued refusal to participate in discovery, even in the face of this Court's warning on September 30, 2015, and in light of his lack of opposition to the Motion, this Court recommends that this case be dismissed as a sanction. Fed. R. Civ. P. 37(d)(3) and 37(b)(2)(A)(v). This Court further recommends that Defendants be directed to submit a detailed list of expenses and attorney fees incurred as a result of Beckom's failure to cooperate in discovery. Beckom should be given an opportunity to respond to demonstrate why an award of such expenses and fees would be unjust. The Court should consider the request and Beckom's response and determine whether to award fees and expenses in this case. Fed. R. Civ. P. 37(d)(3).

THEREORE, THIS COURT RECOMMENDS that Defendants' Motion for Sanctions (d/e 39) should be allowed. This matter should be dismissed as a sanction for Plaintiff's failure to respond to discovery requests. This Court recommends that Defendants should provide a detailed list of expenses and attorney fees incurred as a result of Beckom's failure to cooperate in discovery. Beckom should be given the opportunity to respond to demonstrate why an award of such expenses and fees would be unjust.

The parties are advised that any objection to this Report and Recommendation must be filed in writing with the Clerk of the Court within fourteen days after service of a copy of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  Failure to file a timely objection will constitute a waiver of objections on appeal.  See Video Views, Inc. v. Studio 21, Ltd., 797 F.2d 538, 539 (7th Cir. 1986).  See Local Rule 72.2.

ENTER:   November 23, 2015

s/ Tom Schanzle-Haskins
UNITED STATES MAGISTRATE JUDGE